Joanna Ardalan (Bar No. 285384)
jardalan@onellp.com
Evan Littman (Bar No. 358272)
elittman@onellp.com
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone:   (310) 437-8665
Facsimile:   (310) 943-2085

*Attorneys for Plaintiff,*
BackGrid USA, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| BACKGRID USA, INC., a California corporation,<br><br>                    Plaintiff,<br><br>         v.<br><br>THE WEBSTER US LLC, a Florida limited liability company; and DOES 1-10, inclusive,<br><br>                    Defendants. | Case No.:   2:25-cv-5367<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff, BackGrid USA, Inc. ("BackGrid"), complains against Defendant, The Webster US LLC ("The Webster"), a Florida limited liability company, and Does 1-10 (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

1. This is a civil action against Defendants for acts of copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1332, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a) and (b).

2. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this judicial district, and, on information and belief, the Defendants and their agents reside and may be found in this judicial district, and the injury suffered by Plaintiff took place in this judicial district. Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of California. On information and belief, Defendant The Webster's press outreach, social media accounts, and website are directed to and consumed by Southern California readers. Among other things, Defendants infringed BackGrid's photographs on Instagram, a platform it uses to directly promote its multiple retail locations in Southern California and, therefore, targets Southern California consumers. Moreover, content posted on the Webster's Instagram directly links to the webpages for various Southern California locations.

## PARTIES

3. Plaintiff BackGrid USA, Inc. is a California corporation with its principal place of business located in Los Angeles, California.

4. Defendant The Webster US LLC is a Florida limited liability company with its principal place of business located in Miami Beach, Florida.

5. The true names or capacities, whether individual, corporate or otherwise, of the Defendants named herein as Does 1 through 10, inclusive, are

unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained.

## FACTS COMMON TO ALL COUNTS

*BackGrid and the Photograph that Frames This Dispute*

6. BackGrid owns and operates one of Hollywood's largest celebrity-photograph agencies that has earned a reputation of regularly breaking scoops on sought after celebrity news. It owns the intellectual property rights, including the copyrights, to celebrity photographs that have been licensed to numerous top-tier outlets, such as TMZ, Entertainment Tonight, New York Post, People Magazine, Huffington Post, the Daily Mail, as well as many television stations, newspapers and other prominent media outlets throughout the world. Each license has been granted for valuable consideration, up to hundreds of thousands of dollars.

7. Among many other in-demand photographs, BackGrid owns coveted photographs of celebrities, including Hailey Bieber (hereinafter the "Hailey Bieber Photograph"). All rights, title and interest in the Hailey Bieber Photograph (the photograph at issue in this case), including but not limited to the copyrights thereon, are owned by BackGrid.

8. BackGrid filed for copyright registration of the Hailey Bieber Photograph within 90 days of its first publication with the United States Copyright Office. *See* VA0002374737.

*Defendants and Their Willful Infringing Activity*

9. Defendant The Webster is a high-end retailer of luxury fashion goods and accessories. According to its website, it regularly works with luxury brands such as Balenciaga, Bottega Veneta, Chanel, Celine, Saint Laurent, and more. The Webster operates and controls the Instagram account at issue in this dispute, located at @thewebster (the "Instagram Account"). The Instagram Account has a

3

**COMPLAINT**

blue checkmark verification, indicating that Instagram has verified that the account belongs to Defendants, and currently has over 235,000 followers.

10. The Webster violated federal law by willfully infringing BackGrid's copyrights to at least one photograph on, at least, the Instagram Account. Attached hereto as Exhibit A and incorporated herein by reference are true and correct screenshots of the Instagram Account, including screenshots of the one infringed photograph at issue in this lawsuit.

11. Additionally, The Webster induced, caused, or materially contributed to the reproduction, distribution and public display of the Hailey Bieber Photograph, and derivatives thereof, all while knowing or having reason to know of the infringement on its accounts were without permission, consent, or license. By uploading the Hailey Bieber Photograph to the Instagram Account, The Webster encourages its fans to "share" the photograph, thus, causing others to also willfully infringe and multiplying the harm to BackGrid.

12. On information and belief, The Webster operates and controls its Instagram Account at all times relevant to this dispute and financially benefits from the infringement of the Hailey Bieber Photograph displayed thereto. On information and belief, The Webster has driven significant traffic to its Instagram Account in large part due to the presence of the sought after and searched-for Hailey Bieber Photograph that frames this dispute. All of this traffic translates into substantial ill-gotten commercial advantage and brand awareness as a direct consequence of its infringing actions.

13. BackGrid attempted to resolve this lawsuit with The Webster prior to filing this action. However, although BackGrid made exhaustive efforts to communicate with The Webster and discuss a resolution in good faith, The Webster stopped responding to BackGrid. The Webster's refusal to substantively engage with BackGrid left BackGrid with no other choice but to file this lawsuit.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement, 17 U.S.C. § 501)

14. BackGrid incorporates hereby reference the allegations in paragraphs 1 through 13 above.

15. BackGrid is the owner of all rights, title, and interest in the copyrights of the Hailey Bieber Photograph that frames this dispute, which substantially consist of material wholly original and which are copyrightable subject matter under the laws of the United States.

16. BackGrid filed for copyright registration of the Hailey Bieber Photograph within 90 days of its first publication with the United States Copyright Office.

17. Defendants have directly, vicariously, contributorily and/or by inducement willfully infringed BackGrid's copyrights by reproducing, displaying, distributing, and utilizing the Hailey Bieber Photograph for purposes of trade in violation of 17 U.S.C. § 501 *et seq.*

18. All of the Defendant's acts are and were performed without permission, license, or consent of BackGrid.

19. BackGrid has identified at least one instance of infringement by way of unlawful reproduction and display of BackGrid's photograph (as well as the unlawful facilitation of other's reproduction of its photograph).

20. As a result of the acts of Defendants alleged herein, BackGrid has suffered substantial economic damage.

21. Defendants have willfully infringed, and, unless enjoined, will continue to infringe BackGrid's copyrights by knowingly reproducing, displaying, distributing, and utilizing its photograph by, among other things, virtue of The Webster's encouragement of the infringement and financial benefit it receives from BackGrid's copyrights.

22.     The Webster is well aware of the value of intellectual property. It regularly uses copyrighted images to promote its brand. It prominently displays the © symbol under the "Intellectual Property Information" section of its website's Terms of Use. That section also restricts unauthorized use of The Webster's copyrighted material: "By accepting these Terms of Use, you acknowledge and agree that all content presented to you on this site is protected by copyrights, trademarks, service marks, patents or other proprietary rights and laws, and is the sole property of The Webster and/or its Affiliates. You are only permitted to use the content as expressly authorized by us or the specific content provider." In addition, The Webster's "User's Materials" section claims, "We respect the intellectual property of others and we ask you to do the same." The Webster has also availed itself of the protections of United States trademark law. The Webster has therefore shown a sophisticated understanding of how to use the strictures of intellectual property law to protect its business assets.

23.     The wrongful acts of Defendants have caused, and are causing, injury to BackGrid, which cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, BackGrid will suffer irreparable injury, for all of which it is without an adequate remedy at law.  Accordingly, BackGrid seeks a declaration that Defendants are infringing BackGrid's copyrights and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement.

24.     The above-documented infringements alone would entitle BackGrid to a potential award of up to $150,000 in statutory damages for the at-least one infringed photograph, in addition to its attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.     That the Defendant, and its officers, agents, servants, employees, and representatives, and all persons in active concert or participation with them, be

permanently enjoined from copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all of BackGrid's photographs;

2. That an accounting be made for all profits, income, receipts or other benefit derived by Defendants from the unlawful reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringes upon Plaintiff's copyrights pursuant to 17 U.S.C. § 504 (a)(1) & (b);

3. For actual damages and disgorgement of all profits derived by Defendants from their acts of copyright infringement and for all damages suffered by it by reasons of Defendants' acts, under 17 U.S.C. § 504 (a)(1) & (b);

5. For statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(a)(2) & (c);

6. For reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505;

7. For costs and interest pursuant to 17 U.S.C. § 504 (a)(1) & (b), 17 U.S.C. § 505;

8. For any such other and further relief as the Court may deem just and appropriate.

Dated: June 13, 2025

**ONE LLP**

By: */s/ Joanna Ardalan*
    Joanna Ardalan
    Evan Littman

*Attorneys for Plaintiff,*
BackGrid USA, Inc.

# DEMAND FOR JURY TRIAL

Plaintiff BackGrid USA, Inc., hereby demands trial by jury of all issues so triable under the law.

Dated: June 13, 2025                    **ONE LLP**

                                        By: */s/ Joanna Ardalan*
                                            Joanna Ardalan
                                            Evan Littman

                                        *Attorneys for Plaintiff,*
                                        BackGrid USA, Inc.